UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MIR ISLAM a/k/a JOSH,

        Plaintiff,

                                       **MEMORANDUM AND ORDER**

   - against -                              18-CV-1876 (RRM) (LB)

GODADDY.COM, INC.; TROY WOODY JR.,

        Defendants.
------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

     *Pro se* plaintiff Mir Islam, a resident of the Bronx, New York, brings this action under,

*inter alia*, the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; the Lanham Act, 15

U.S.C. § 1114; the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C.

§ 1125(d); and the Stored Communications Act ("SCA"), 18 U.S.C. § 2701, in connection with

an online business.  (Compl. (Doc. No. 1).)  For the reasons discussed below, Islam is directed to

file an amended complaint within 30 days of the date of this Order.

## DISCUSSION

### I.    Venue

     Pursuant to 28 U.S.C. § 1391(b), which governs civil actions in federal district courts, a

civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated; or (3) if there
> is no district in which an action may otherwise be brought as provided in this section,
> any judicial district in which any defendant is subject to the court's personal
> jurisdiction with respect to such action.

     Here, Islam alleges that he and his best friend, defendant Troy Woody, Jr., agreed to a

certain division of duties in their joint venture to sell merchandise online, but subsequently,

Woody "took complete unauthorized control" over their servers and also took possession of products that they had in storage. (Compl. at 3–6.)

Islam alleges that defendant Troy Woody, Jr., is "a Virginia citizen" who "has a Virginia ID & lives there but also uses New York Addresses." (*Id.* at 1–2.) Islam specifies that, for domain names Woody has hacked, Woody has provided Virginia and Manhattan addresses. (*Id.* at 2.) Islam alleges that GoDaddy.com, Inc., maintains a business address in Arizona and is a citizen there. (*Id.* at 1–2.) Therefore, taking Islam's allegations as true for the purposes of this Order, none of the named defendants resides in this district.

Islam does not allege the locations of any of the events giving rise to his complaint. In addition, Islam himself resides in the Bronx, outside of this district, though he was incarcerated in Queens and Brooklyn for approximately four months this year. (*Id.* at 2, 7.) Thus, it is not clear whether "a substantial part of the events or omissions giving rise to the claim occurred" in the Eastern District of New York. 28 U.S.C. § 1391(b)(2).

## II.    Leave to Amend

Islam is granted 30 days' leave to file an amended complaint that must provide the location of the events and property at issue his complaint. The amended complaint must also set forth the legal basis and factual allegations in a clear and concise manner in order to support Islam's claim against the named defendants.

Islam is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, Islam must include in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order.

**CONCLUSION**

Accordingly, Islam is granted leave to file an amended complaint within 30 days of the date of this order. No summons shall issue at this time, and all further proceedings shall be stayed for 30 days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Mir Islam and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
     April 4, 2019

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge